**Donald WHEELER, Sr., Plaintiff,**

v.

**Ron ENGLAND, etc., Defendant.**

No. CIV–2–81–197.

United States District Court, E.D. Tennessee, Northeastern Division.

March 2, 1982.

Donald Wheeler, Sr., pro se.

Mark C. Hicks, Jr., Jonesboro, Tenn., and N.R. Coleman, Jr., Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff ignored the interrogatories and request for production of documents served upon him by the defendant on November 10, 1981, and the Court ordered him to properly respond thereto within 10 days. Memorandum opinion and order herein of January 28, 1982. The plaintiff has not complied with such order and the defendant seeks the imposition of sanctions. Rule 37(a), (b)(2)(C), (d), Federal Rules of Civil Procedure.

The plaintiff served and filed a "response" to this Court's aforementioned memorandum opinion and order. In such response, Mr. Wheeler does not attempt to answer in the proper manner the interrogatories of the defendant; to the contrary he attempts unsuccessfully to justify his failure to do so and demonstrates further his continuing efforts to evade responding to the reasonable discovery requests of the defendant.

The interrogatories served by the defendant are not objectionable, and the defendant is entitled to a proper response thereto by Mr. Wheeler. They pose straight-forward questions calling for simple direct answers.

Those interrogatories relate primarily to assertions made herein by the plaintiff which go to the very heart of his claim against the defendant. It would be a very

simple matter for Mr. Wheeler to read each such interrogatory and to make a response thereto in the space below each such question. The plaintiff has not done so, but has attempted, in a wholly unpersuasive manner, to convince the Court that he is not in a position to answer the interrogatories and that the answers thereto will appear at trial.

Rule 37(b)(2)(C), *supra,* authorizes this Court to dismiss an action because of the plaintiff's failure to comply with a pretrial-discovery order. Such sanction is not proper " * * * when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of [the plaintiff.] * * * " *Societe Internationale v. Rogers* (1958), 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255, 1267 (headnote 19).

Here, however, the plaintiff has failed to establish that his failure to comply with this Court's lawful discovery-order was due to his inability.[1] Instead, such failure appears to be the result of Mr. Wheeler's obstinate and bad-faith efforts to resist giving the defendant the information to which he is entitled. *Cf. Nat. Hockey League v. Metro. Hockey Club* (1976), 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747. Under ordinary circumstances, the Court, without hesitation, would impose sanctions upon the plaintiff, by dismissing this action because of his disobedience of this Court's order. Because Mr. Williams is proceeding herein *pro se,* the Court is of the opinion that he should be given "one more chance."[2]

Accordingly, it is hereby

ORDERED that, within 10 days herefrom, the plaintiff Mr. Wheeler: (1) respond separately to each interrogatory served upon him by the defendant, by giving complete and unevasive answers thereto to the best of his ability;[3] and (2) respond separately to the defendant's request for the production of documents. The Court retains under advisement the motion of the defendant for the imposition of sanctions.

---

1. For example, it is ludicrous to think that the plaintiff lacks the ability to answer such interrogatory no. 1, which merely asks for his name, age, present address and the offense of which he was convicted which has resulted in his present incarceration.

2. This Court will hold the pleadings and other documents herein of Mr. Wheeler to be less stringent standards than formal papers drafted by lawyers. *See Haines v. Kerner* (1972), 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652, 654[1]. Nonetheless, Mr. Wheeler " * * * may not play dog in the manger * * *." *Butz v.*

*Economou* (1978), 438 U.S. 478, 507, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895, 916. In actions of this nature, this Court has a responsibility to apply firmly the Federal Rules of Civil Procedure to ensure that governmental officials are not harassed by frivolous lawsuits. *See ibid.,* 438 U.S. at 508, 57 L.Ed.2d at 917.

3. "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. * * * " Rule 33(a), Federal Rules of Civil Procedure.